UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
UNITED STATES OF AMERICA,   Case No. S1 16 Cr. 281 (PGG)

- against -

ERIC GRAYSON,
                    Defendant.
_____X

**MEMORANDUM IN AID OF SENTENCING ON BEHALF OF ERIC GRAYSON**

Defendant, Eric Grayson, by his attorney, Patrick A.H. Watts, pursuant to Rule 32 of the Federal Rules of Criminal Procedure submits this memorandum in aid of sentencing.

## INTRODUCTION

Eric Grayson will appear before this Court for sentencing following his guilty plea to participating in the Blood Hound Brims racketeering conspiracy in violation of Title 18 U.S.C. §1962(d) and the use, carrying and possessing firearms in furtherance of the racketeering conspiracy in violation of Title 18 U.S.C. §924(c)(1)(A)(i), (ii) and (iii). Mr. Grayson respectfully requests that the Court accept his representations that he fully and unconditionally accepts responsibility for his conduct. Nothing in this memorandum is intended to detract from his acceptance of responsibility or his unqualified remorse for his wrongdoing.

This memorandum is submitted on behalf of Mr. Grayson in support of his prayer for the mandatory minimum sentence of 60 months incarceration. Counsel respectfully submit that such a sentence is warranted based on Mr. Grayson's history and characteristics and the nature and circumstances of the offense, and is "sufficient, but not greater than necessary," to comply with the purposes set forth in 18 U.S.C. § 3553(a).

### THE OFFENSE CONDUCT

On April 30, 2012, Mr. Grayson entered a guilty plea to Counts One and Five of the indictment, admitting his conduct in connection with the crimes charged. As Mr. Grayson acknowledged before this Court that he was a member of the Blood Hound Brims, and along with other members he sold crack cocaine in Bronx County on two or more occasions. He also acknowledged that he possessed a gun in furtherance of selling the narcotics.

### THE PLEA AGREEMENT

Mr. Grayson pled guilty to violating Title 18 U.S.C. §1962(d) and Title 18 U.S.C. §924(c)(1)(A)(i), (ii) and (iii) thus exposing himself to a mandatory minimum of 5-year term of imprisonment. Under the terms of the plea agreement, each party is free to present information to the court relevant to sentencing under 18 U.S.C. §3553(a).

### THE APPROPRIATE SENTENCE

Title 18, United States Code, Section 3553(a) directs a sentencing court to impose a reasonable sentence that is "sufficient, but not greater than necessary" to achieve the purposes of sentencing. This statutory mandate

has taken on new meaning in light of the Supreme Court's decisions in <u>United States v. Booker</u>, 543 U.S. 220 (2005), <u>Gall v. United States</u>, 128 S.Ct. 586 (2007), and <u>Rita v. United States</u>, 551 U.S. 338 (2007), as well as the Second Circuit's decision in <u>United States v. Crosby</u>, 307 F.3d 103 (2d Cir. 2005), and its progeny. In *Gall*, the United States Supreme Court held that while the Guidelines should be "the starting point and the initial benchmark" of a reasonable sentence, the sentencing judge "may not presume that the Guideline range is reasonable" and "must make an individualized assessment based on the facts presented." *Gall*, 128 S.Ct. At 587. The Supreme Court also "reject[ed] an appellate rule that requires extraordinary' circumstances to justify a sentence outside the Guidelines range." *Id*. Thus, a sentencing court, after considering the advisory Guidelines, is now free to fashion a reasonable sentence that it deems appropriate based upon all of the sentencing factors set forth in 18 U.S.C. §3553(a).

It is respectfully requested that the Court impose a sentence of 60 months incarceration, which is the mandatory minimum. Given the defendant's life history, family circumstances, and the nature and circumstances of his involvement in the offense, counsel submits that a sentence of 60 months is "sufficient, but not greater than necessary, to comply with the purposes" of the sentencing factors outlined in 18 U.S.C. 3553(a)(1).

**THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

Eric William Grayson, Jr. is 34 years old. He was born on December 31, 1983 in Bronx, New York, to Ruby L. Rivers and Eric William Grayson, Sr. Mr. Grayson Sr., is approximately 55 years old and resides in Brooklyn, New York. He is employed as a train conductor with the MTA. Ms. Rivers is 54 years old and resides in Bronx, New York. She is employed as a manager for the company Freeze Frame. Mr. Grayson's sister, Sherry Grayson, who is 35 years old. When Mr. Grayson was approximately 27 or 28 years old, his parents divorced.

Mr. Grayson grew up in a household with both of his parents and his sister. He described his family as close knit and his childhood as "good." He grew up in Government Housing, in a dangerous area which was afflicted with violence, drugs, and poverty. Although Mr. Grayson's family had limited economic funds, the children's needs were always met. Mr. Grayson's parents kept him occupied by having him engage in extracurricular activities such as, karate and boxing, and enjoying family vacations. Mr. Grayson admitted that the environment outside the home had some influence over him as he was growing up.

Mr. Grayson recalled that from ages 6 through 15 he experienced bullying by others. Because he was always smaller in stature than children his age, he was always a target to be harassed physically and emotionally. Even though his parents enrolled him in karate classes and he earned up to a green/brown belt,

the bullying continued. Because of the bullying Mr. Grayson endured while growing up, he became more defensive and lacked trust in others.

Prior to his arrest, Mr. Grayson had been assisting his sister and her children since 2003. His niece and nephew had no male figures in their lives and he assisted by picking up and dropping off the children to and from school. He would also help the children with their homework. He also took the children to the park, movies and to the car show. The children have different fathers and neither one is involved with their child's rearing. Mr. Grayson wrote in his letter to the Court that upon his release he will continue to help to raise his niece and nephew and help them to be successful.

From 2007 to November 2016, Mr. Grayson previously resided at 875 Columbus Avenue, Apartment #12B with his mother and sister. They were evicted from the apartment and his mother moved to the Bronx. And his sister moved to South Carolina. Mr. Grayson moved into his fiancée's apartment at 1317 Washington Avenue, Apartment 11A, Bronx, New York. Mr. Grayson plans to reside at this address after his release from prison.

Prior to Mr. Grayson's arrest he assisted his mother with her doctor's appointments and performed the paperwork to needed to pay her bills. Due to his mother's work schedule and physical ailments such as high blood pressure, anxiety and osteoporosis Mr. Grayson would assist his mother in any tasks that she needed completed.

Mr. Grayson completed the ninth through a portion of the eleventh grade at Morris High School in Bronx, New York. He moved with his family to South

Carolina for a period of time to assist his maternal grandmother who was suffering from cancer. After he return to New York City from South Carolina, he completed the eleventh and twelfth grades at Bronx Outreach an alternative school in Bronx, New York. Mr. Grayson did not receive a diploma because he did not pass the state regents exam.

## THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

Mr. Grayson was a Blood Hound Brims member who regularly sold crack cocaine in the area of the Douglas Houses in the Bronx. Mr. Grayson put the proceeds from his drug sales into the BHB kitty to satisfy his dues. Mr. Grayson ran the gang with a coconspirator as the "high," or the leader of the Greyhound pedigree. Some of his duties included organizing meetings called "pow wows" and collecting dues.

Mr. Grayson was arrested on January 14, 2017 inside his apartment. Pursuant to a search warrant, law enforcement agents recovered a .44 caliber semi-automatic pistol, ammunition and crack cocaine from inside the apartment. The firearm and ammunition were recovered from inside of a lock box on top of a washing machine. The crack cocaine was found on a TV stand. Authorities also found BHB codes and rules.

## CRIMINAL HISTORY

Mr. Grayson has no prior criminal history and has a criminal history category of 1.

**REMORSE AND ACCEPTANCE OF RESPONSIBILITY**

Mr. Grayson has accepted full responsibility for his actions. He has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a guilty plea. On March 14, 2018 Mr. Grayson entered a guilty plea to counts one and five of the indictment, admitting his unlawful conduct.

Mr. Grayson expressed his acceptance of responsibility in his letter to this Court, in which he wrote, ` "I would like to apologize and let you know I'm sorry for my actions for the matter that I'm incarcerated for. I know so many people have been affected because of my poor decisions and bad choices I have made." Letter from Eric Grayson, attached as **Exhibit A**. Mr. Grayson is filled with remorse for his conduct, and feels that he has let his family down. He writes, "I'm sorry to my family, my fiancée, the government and my community and whoever else has been affected because of my wrong decisions." (Id.)

**FAMILY SUPPORT AND MR. GRAYSON'S COMMITMENT TO CHANGE HIS LIFE**

Mr. Grayson does more than talk about change. He is actively making choices to lead a different life. Since his arrest in January of 2017, Mr. Grayson has been incarcerated at MDC Brooklyn. During that time, he has engaged in several courses offered by the Bureau of Prisons. In 2017, he successfully completed the following courses in Mathematics; SHU health; Entrepreneurship; Basic Fitness; and Money Smart Older Adults. Mr. Grayson has been studying to take the GED and plans to take the test soon. Mr.

Grayson stated in his letter to the Court, that while incarcerated his plan is to get certifications in electrical and plumbing.

Mr. Grayson also stated in his letter to the Court that upon his release he and his fiancée, Tiffany Garrett intend to get married.

Mr. Grayson has a good relationship with his entire family and they are anxious for his return home upon his release.

Every morning, Mr. Grayson wakes up and recommits himself to the long road ahead. He recognizes that change is something that you do, not something that you talk about. By maintaining relationships with his family, being a supportive son, brother, uncle and fiancé, and taking advantage of every opportunity the Bureau of Prisons has to offer, Mr. Grayson is doing just that.

## CONCLUSION

Given Mr. Grayson's history and characteristics, lack of criminal history, his acceptance of responsibility, and commitment to leading a productive, law-abiding life, counsel respectfully submits that a sentence of 60 months' imprisonment is appropriate and reasonable, that it is "sufficient, but not greater than necessary" to meet the goals of sentencing.

                                            Respectfully submitted,

                                            *Patrick Watts*
                                            PATRICK A.H. WATTS, Esq.
                                            Attorney for defendant
                                            Eric Grayson
                                            878 Melrose Avenue
                                            Bronx, New York 10451
                                            718-681-0900